CRICHTON, J.,
additionally concurring.
|J agree with the majority’s decision to deny the writ on the record before us, because the trial court did not abuse its discretion in denying the defendant’s motion in limine. However, I write separately to posit the question, as former Chief Justice Kimball has previously done, whether the exercise of this court’s supervisory jurisdiction on a motion in limine ruling is warranted — even where the trial court may have erred. In her concurring opinion in Lenard v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175, then-Associate Justice Kimball explained that it is an inefficient use of this court’s time to review an interlocutory judgment on a motion in limine:
I write separately to express my belief that it is poor policy for this court to grant certiorari in cases where the decision appealed is one granting a motion in limine, a motion which is not provided for by our Codes, but has come into being by trial practice. Reviewing decisions stemming from motions in limine is, in my view, an inefficient allocation of this court’s already strained judicial time and resources because decisions relating to such motions are generally made prior to trial, are interlocutory rulings that can be changed by the trial court during the course of trial, and often reach this court without a developed record upon which to review the trial court’s decision. Id. at 181.
I think Chief Justice Kimball’s sentiments apply with equal force to this issue and that the issue is better addressed on appeal, at which time the court of appeal will have the benefit of a full record.