CRICHTON, J.,
would grant and assigns reasons
_jjl respectfully dissent from the denial of this writ application and would grant the defendant’s writ application to reverse the trial court’s ruling. Specifically, I find that under La. C.E. Art. 508, the deposition testimony of Vulcan’s Vice President and Associate General Counsel “is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.” La. C.E. Art. 508(A)(1). *799 While I recognize that pre-trial discovery matters are generally left to the great discretion of the trial court,[1] in my view, the trial court in this instance abused its discretion in denying the Motion to Compel the deposition of Vulcan’s Vice President and Associate General Counsel. In this protracted, complex, and difficult litigation, the information concerning Vulcan’s post-2007 document retention and deletion policies is crucial to discovery in this matter, and there does not appear to be an alternative means by which to obtain this 1 ¡¡information. Assuming as true the applicant’s assertion that the scope of the deposition is to be narrowed with respect to subject matter and time period, I would grant this writ application to reverse the trial court’s denial of the Motion to Compel and allow the deposition to occur.

. See, Caminita v. State of Louisiana Through the Dep't of Transportation and Dev., 14-2317 (La. 2/6/15), 177 So.3d 321 (Crichton, J., concurring, questioning whether the exercise of this Court's supervisory jurisdiction is warranted on a pre-trial matter such as a Motion in Limine, quoting then-Associate Justice Catherine D. Kimball's concurring opinion in Lenard v. Dilley, 01-1522 (La. 1/15/02), 805 So.2d 175, 181, which stated that "reviewing decisions stemming from motions in limine is, in my view, an inefficient allocation of this court’s already strained judicial time and resources. ...”). See also, Moak v. Illinois Central Railroad Company, 93-0783 (La. 1/14/94), 631 So.2d 401, 406, reh’g den. 2/10/94 (“[i]t is well established that trial courts in Louisiana have broad discretion when regulating pretrial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse.”) (internal citations omitted).