--------
Writ granted. The district court's order requiring defendants to amend their interrogatory answer to give a specific answer as directed by the court is vacated and set aside. The case is remanded to the district court to consider alternatives to its order, such as limiting the scope of the interrogatory and compelling defendants to answer the interrogatory as limited.
CRICHTON, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons:
Although this Court generally leaves pre-trial discovery matters to the great discretion of the trial court,[1] this matter warrants our intervention. I therefore agree with the Court's decision to grant this writ and remand with the direction to the district court to consider alternatives to its order. Here, applicants assert that the response to interrogatories imposed by the trial court would force defendants and their counsel to make an untenable choice: commit perjury and violate the Rules of Professional Conduct, respectively, or subject themselves to being held in contempt of court or sanctioned. In my view, compelling such an alternative could create a material injustice.
See, Caminita v. State of Louisiana Through the Dep't of Transportation and Dev. , 14-2317 (La. 2/6/15), 177 So.3d 321 (Crichton, J., concurring, questioning whether the exercise of this Court's supervisory jurisdiction is warranted on a pre-trial matter such as a Motion in Limine, quoting then-Associate Justice Catherine D. Kimball's concurring opinion in Lenard v. Dilley , 01-1522 (La. 1/15/02), 805 So.2d 175, 181, which stated that "reviewing decisions stemming from motions in limine is, in my view, an inefficient allocation of this court's already strained judicial time and resources...."). See also, Moak v. Illinois Central Railroad Company , 93-0783 (La. 1/14/94), 631 So.2d 401, 406, reh'g den. 2/10/94 ("[i]t is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse.") (internal citations omitted).